UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO CHAVEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RAMIREZ, et al.,<br><br>　　　　　Defendants. | Case No. 1:20-cv-01269-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL<br><br>(Doc. No. 15)<br><br>ORDER SUA SPONTE GRANTING PLAINTIFF AN EXTENSION TO FILE OBJECTIONS<br><br>JUNE 20, 2023, DEADLINE |

Pending before the Court is Plaintiff's motion to appoint counsel. (Doc. No. 15). Plaintiff, a former state prisoner, is proceeding pro se on his initial complaint. (Doc. No. 1). The Court granted Plaintiff's application to proceed in this action *in forma pauperis* in this action. (Doc. No. 8). Plaintiff seeks appointment counsel because "he does not now [sic] what to do in these matters." (Doc. No. 15 at 1). Plaintiff also requests to re-open "Chavez v. KCJBM," "Chavez v. Cal Fire," and "Chavez v. KCJ" and seeks appointment of counsel to assist him in re-opening the three cases.

**Request for Appointment of Counsel in the Instant Action**

The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases). Under 28 U.S.C. § 1915, this court has

discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted). However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181. The court may consider many factors to determine if exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved. *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

Plaintiff has not met his "burden of demonstrating exceptional circumstances.*" Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014). Plaintiff requests appointment of counsel because he "he does not now [sic] what to do in these matters." (Doc. No. 15 at 1). The Court construes Plaintiff's reasoning as a purported lack of knowledge on the law as it relates to his case as well as a general lack of knowledge as to how to litigate a case. There are normal challenges faced by pro se litigants and do not warrant appointment of counsel. *Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020) (denying appointment of counsel because the plaintiff's "circumstances were not exceptionally different from the majority of the challenges faced by *pro se* litigants."). The undersigned acknowledges that while the assistance of counsel may be helpful, the "relevant consideration is not one of convenience" but rather exceptionalness. *Howard v. Hedgpeth*, 2010 WL 1641087, at *2 (E.D. Cal. Apr. 20, 2010).

Finally, Plaintiff explains that while he now has an address for mailing, he was previously homeless and did not receive mail during the time he was homeless. Liberally construed, Plaintiff is also requesting appointment of counsel because he was homeless. While the Court is sympathetic to Plaintiff's previous homelessness, the Court does not find that Plaintiff's past homelessness is an exceptional circumstance that warrants appointment of counsel. *Van Buren v. Gee*, 2023 WL 2621345, at *2 (N.D. Cal. Mar. 23, 2023) (denying appointment of counsel

because plaintiff is temporarily homeless); *Webb v. NaphCare, Inc.*, 2022 WL 2192977, at *2 (W.D. Wash. Jun. 16, 2022) (denying appointment of counsel, among other reasons, because plaintiff is homeless, unemployed, and indigent); *Mascorro v. City of San Diego*, 2021 WL 5827110, at *2 (S.D. Cal. Dec. 8, 2021) (denying motion for reconsideration for appointment of counsel because plaintiff is homeless). Finally, on April 17, 2023, the Court screened Plaintiff's Complaint and found it did not allege a cognizable claim. (Doc. No. 11). Thus, Plaintiff cannot demonstrate "the likelihood of success on the merits" necessary to warrant appointment of counsel. *United States v. McQuade*, 519 F.2d at 1181.

As a precaution, the Court advises Plaintiff that on May 22, 2023, the undersigned issued Findings and Recommendations to dismiss this action because Plaintiff had failed to timely respond to the Court's April 17, 2022 Screening Order. (*See* Doc. Nos. 11, 13). Plaintiff was afforded fourteen days to file objections to the May 22, 2023, Findings and Recommendations. (Doc. No. 13 at 5). Instead of filing Objections, Plaintiff moved for appointment of counsel. Due to Plaintiff's pro se status, the Court sua sponte will grant Plaintiff an extension of time, until June 20, 2023, to file objections to the May 22, 2023, Findings and Recommendations, after which time the May 22, 2023, Findings and Recommendations be deemed submitted for consideration by the district court based on the record.

**Cases: "Chavez v. KCJBM," "Chavez v. Cal Fire," and "Chavez v. KCJ"**

Plaintiff also requests appointment of counsel to assist with reopening three cases: "Chavez v. KCJBM," "Chavez v. Cal Fire," and "Chavez v. KCJ." Plaintiff explains that he does not have the case numbers for the cases because he was homeless and did not receive mail. Although Plaintiff does not identify the case numbers, a review of the Court's dockets reveals the following cases filed by Plaintiff in this Court: Chavez v. Cal-Fire et al., Case No. 1:20-cv-00801-JLT-HBK (E.D. Cal. Jun. 8, 2020) and Chavez v. Kings County, Case No. 1-20-cv-00503-JLT-HBK (E.D. Cal. Apr. 8, 2020). If Plaintiff wishes to reopen these cases, he must file a motion, pursuant to Rule 60 of the Federal Rules of Civil Procedure, in each case. *See* Fed. R. Civ. P. 60. The Court cannot appoint him counsel in this case to assist Plaintiff with the reopening of his other cases.

3

Accordingly, it is **ORDERED**:

1. Plaintiff's motion for appointment of counsel (Doc. No. 15) is DENIED.
2. The Court sua sponte grants Plaintiff an extension of time, **until June 20, 2023**, to file objections to the May 22, 2023, Findings and Recommendations.

Dated:  June 6, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE